STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Margaret A. Beckwith, Respondent Below,
Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1165** (Randolph County 11-D-82)

**Robert N. Beckwith, Petitioner Below,
Respondent**

**MEMORANDUM DECISION**

Petitioner Margaret A. Beckwith's appeal, by counsel David A. Sims, arises from the Circuit Court of Randolph County's September 7, 2012 order denying petitioner's appeal of a June 5, 2012 "Final Divorce Decree," and also denying respondent's counter-petition for appeal of the same family court order. Respondent Robert N. Beckwith, by counsel Rebecca A. Judy, filed a response. On appeal, petitioner alleges that the circuit court erred in denying her appeal because the family court failed to consider respondent's alleged emotional affair as a ground for divorce.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties to this action were married in 1979 and cohabitated in Randolph County, West Virginia until approximately January 31, 2012. According to petitioner, respondent was conducting an online relationship with a woman in another state in the latter part of 2010. However, according to testimony below, neither respondent nor the woman with whom he is alleged to have been in a relationship saw each other in person until approximately six weeks after petitioner and respondent separated. Respondent initially filed for divorce citing irreconcilable differences and cruel and inhumane treatment. Petitioner thereafter filed a verified answer alleging irreconcilable differences, cruel and inhumane treatment, and adultery as grounds for the divorce. As a basis for her claim of adultery, petitioner alleged that respondent was engaged in an "emotional affair."

In June of 2012, the family court entered its "Final Divorce Decree" in which it granted an absolute divorce based upon irreconcilable differences. Further, the family court specifically found that petitioner ". . . failed to prove that [respondent] committed adultery." On July 6, 2012, petitioner appealed the family court order and respondent thereafter filed a counter-petition for appeal. By order entered on September 7, 2012, the circuit court affirmed the family court's

1

"Final Divorce Decree," finding that neither party produced evidence to show that the family court's findings were clearly erroneous or that the family court abused its discretion. It is from this order that petitioner appeals.[1]

We have previously established the following standard of review:

In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Upon our review, the Court finds no error in the circuit court's denial of petitioner's appeal. Specifically, petitioner cited adultery as a ground for divorce in her verified answer and argued that respondent committed adultery by engaging in an "emotional affair." West Virginia Code § 48-5-204 defines adultery as ". . . the voluntary sexual intercourse of a married man or woman with a person other than the offender's wife or husband . . . ." It is clear that sexual intercourse is necessary to establish adultery, and the record is devoid of any evidence that respondent engaged in sexual intercourse outside the marriage at issue. As such, the family court did not abuse its discretion by concluding that petitioner failed to prove that respondent committed adultery. While petitioner argues that an "emotional affair" should be considered as grounds for divorce, she has provided no authority to support such an argument.

For the foregoing reasons, the family court's June 5, 2012 "Final Divorce Decree," and the circuit court's September 7, 2012 order denying petitioner's appeal are hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1] In his "Summary Response," respondent alleges no cross-assignments of error and, in fact, asks that the court affirm both the family court's June 5, 2012 order, and the circuit court's September 7, 2012 order. To the extent that respondent's cross-petition for appeal to the circuit court was denied, we note that respondent has raised no assignment of error with this Court in regard to the denial, and we, therefore, do not address any rulings in regard to the counter-petition for appeal in this memorandum decision.